**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

MAR 2 4 2026

ARTHUR JOHNSTON
BY _____ DEPUTY

TIONNA COLBERT, ADMINISTRATRIX
OF THE ESTATE OF TASHAUN COLBERT, DECEASED                    PLAINTIFF

VS.

CASE NO. 3:26-cv-194-CWR-LGI

CITY OF LEXINGTON, AARON AGEE IN HIS
OFFICIAL AND INDIVIDUAL CAPICITY, JAMES TRENT
HOLLY IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,
ALLEN MILLER IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY, MEDSTAT EMS INC., AND JOHN DOES 1-20          DEFENDANTS

**COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

Tionna Colbert, Administratrix of the Estate of Tashaun Colbert, Deceased,

hereby makes the following allegations in support of claims of this complaint for

damages:

**INTRODUCTION**

1. This is a civil rights action and negligence action seeking compensatory and punitive

damages due to the Defendants wrongfully, unconstitutional and negligently denying

medical care for a gunshot womb to Tashaun Colbert on March 26, 2024. Tashaun

Colbert was still breathing, and the Defendants rendered no medical aid/care to Tashaun Colbert. Defendants allowed Tashaun Colbert to As a result of the wrongful and unconstitutional actions of the Defendants Tashaun Colbert loss his life. This case seeks to hold Defendant Officers and the City of Lexington accountable for their wrongful and unconstitutional actions. Furthermore, this case seeks to hold Defendant MedStat EMS, Inc. accountable for its wrongful actions.

## JURISDICTION AND VENUE

2. This action arises under the First, Fourth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1331 and § 1343. The Court may exercise supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. Furthermore, this Court has jurisdiction to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

3. Venue is proper in the Southern District of Mississippi because a substantial part of the events giving rise to the claims have occurred within this District and because upon information and belief all Defendants reside in this District. 28 U.S.C. § 1391(b).

4. This district is an appropriate venue for this action pursuant to 28 U.S.C. § 1391 (a)(2) because a substantial part of the events or omissions giving rise to this action occurred within this district.

## PARTIES

5. Plaintiff, Tionna Colbert, Administratrix of the Estate of Tashaun Colbert, is an adult

citizen of the State of Ohio who resides Toledo, Ohio. Tashaun Colbert, Deceased, was an adult citizen of the State of Mississippi who resided in Lexington, Mississippi.

6. Defendant City of Lexington ("Defendant City") is a municipality with the capacity to sue and be sued, located within Holmes County, State of Mississippi. At all relevant times, the Lexington Police Department ("LPD") was a subsidiary agency of the Defendant City. The City is responsible for Plaintiff's injuries under 42 U.S.C. § 1983 because its policies and customs caused Plaintiff's injuries.

7. Defendant Aaron Agee ("Agee") was an officer employed by Lexington Police Department at the time of the factual allegation, who was acting under color of the law, within the course and scope of his duties, and with authority and ratification of the named principal entities.

8. Defendant James Trent Holly ("Holly") was an officer employed by Lexington Police Department at the time of the factual allegation, who was actin under color of the law, within the course and scope of his duties, and with authority and ratification of the named principal entities.

9. Defendant Allen Miller ("Miller") was an officer employed by Lexington Police Department at the time of the factual allegation, who was acting under color of the law, within the course and scope of his duties, and with authority and ratification of the named principal entities.

10. Defendant MedStat EMS, Inc, is business incorporated in the State Mississippi in good

standing, and may be served with process at c/o Registered Agent Corporation Service Company 109 Executive Suite 3, Madison, Mississippi 39110.

11. Defendants John Does 1-20 are persons, individuals, entities, organizations or businesses unknown at this time, and were at all times material to this Complaint and He, she, they and/or It may be served with summons and a copy of the amended complaint when known.

12. Each of the Defendants has caused and is responsible for the unlawful conduct, deprivation of rights, and injuries to Plaintiff, either by personally participating in the conduct or acting jointly and in concert with those who did; by authorizing, acquiescing, or failing to take action to prevent or intervene in the unlawful conduct; and by failure and refusing, with deliberate indifference of the rights and wellbeing of Plaintiff.

13. Whenever and wherever reference is made in this Complaint to any act by a defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each defendant individually, jointly, and severally.

14. Accordingly, each of the individual defendants is sued in their personal/official capacities for the harms caused by their acts or omissions, while the defendant public entity is sued on account of their liability for the unconstitutional policies, practices, customs, training failures, etc., which were a substantial moving force behind the individual defendants' harmful conduct, and/or for the subsequent ratification thereof. Furthermore, Defendant MedStat Ems, Inc is sued on the account of its liability of negligence.

## FACTS

15. On March 26, 2024 at approximately 17:04 hrs. a 911 call was received from Treasure Simpson that an individual was shot. Officers Agee, Holley and Miller responded to that call from Treasure Simpson. Upon the arrival to 4169 Rathell Road Lexington, Mississippi, Agee saw a black male identified a 18 year old Tashaun Colbert with a gunshot wound. Investigator Agee had Holley and Miller to secure the outer perimeter. Officer Agee tended to Tashun Colbert. Tashaun Colbert appeared to have a chest wound to the right side. Tashaun Colbert was still breathing when the officers arrived and while the officers and MedStat EMS Ambulance were on the scene.

16. Med Stat EMS Inc. failed to provide medical treatment to Tashaun Colbert, Deceased. Additionally, Agee directed the paramedics not to provide medical treatment. Miller and Holly failed to provide medical treatment to Tashaun Colbert.

17. Tashaun Colbert was denied necessary medical treatment. Tashaun Colbert was still breathing at the scene. As a result of Defendants' actions Tashaun Colbert loss his life.

18. Upon information and belief, Defendant City of Lexington failed to perform an adequate background investigation before hiring Defendant Agee, Holly and Miller failed to adequately train Defendants Agee, Holley and Miller and failed to adequately supervise Defendants Agee, Holley and Miller and failed to adopt policies which would have prevented the conduct by Defendant Agee, Holly and Miller complained of herein.

### FIRST CAUSE OF ACTION

**42 U.S.C. § 1983**

**AGAINST DEFENDANTS AGEE, HOLLY, AND MILLER**

19. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

20. Defendants' actions deprived Tashaun Colbert, Deceased, of his rights under the Fourth Amendment to the United States Constitution because of Defendants' actions of not allowing Tashaun Colbert, Deceased to be afforded the medical treatment that could have saved his life. Plaintiff brings these claims for damages for the violation of these rights based on 42 U.S.C. § 1983.

21. Defendant Agee, Holly, and Miller conduct described herein constituted an unreasonable right to deny medical care of Tashaun Colbert's persons and a deprivation under color of state law of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff is therefore entitled to recover damages from Defendants Agee, Miller and Holly pursuant to 42 U.S.C. § 1983. Defendants Agee, Miller and Holly's actions were malicious and outrageous. Furthermore, Defendants' acts were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of the rights of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE**

**AGAINST DEFENDANT MEDSTAT EMS INC**

22. Plaintiff realleges and incorporates by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

23. Defendant MedStat EMS, Inc. was negligent when it failed to provide medical care for the deceased which therefore was the direct and proximate cause of the death of Tashaun Colbert, Deceased, suffered by Plaintiff. Defendant MedStat EMS, Inc. left Tashaun Colbert, Deceased at the scene still breathing and rendered no type of medical treatment to the Taushun Colbert.

24. Defendant's actions was wanton/gross negligence thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

## THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983

### UNCONSTITUTIONAL POLICY, CUSTOM OR PROCEDURE

### (AGAINST DEFENDANT CITY)

25. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

26. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendant City is liable for all injuries sustained by Plaintiff as set forth herein. Defendant City bears liability because its policies, practices and/or customs caused Plaintiff's injuries. The Department has a policy, custom, or practice of failing to provide adequate training and supervision to officers with respect to constitutional limits. The Department has a de facto policy, custom or practice of failing to discipline, failing to investigate, failing to retrain, or retaining officers involved in misconduct. The Department condoned and encouraged officers in the belief that they can violate the

rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect officers' opportunities for promotion and other employment benefits.

27. Defendant City's policies or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Plaintiff's constitutional rights at issue in this case.

28. The Department does not have the training, organization, or supervision to ensure it stays within constitutional limits. Officers are poorly trained, and supervisors fail to hold officers, and themselves, accountable for violating people's rights.

29. The unconstitutional customs and practices were a direct and legal cause of harm and death of Tashaun Colbert, Deceased.

30. Defendants' acts were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests entry of judgment in their favor and against All DEFENDANTS, inclusive, as follows:

A. For compensatory damages, including physical, mental, and emotional pain and suffering under federal law, in the amount to be proven at trial;

B. For interest;

C. For other general damages in an amount according to the proof at trial;

D. For other non-economic damages in an amount according to the proof at trial;

E. For punitive damages in an amount according to the proof at trial;

F. For other special damages in an amount according to proof at trial.

G. For an award of attorneys' fees and costs under 42 U.S.C. § 1988.

H. For such other and further relief as may be necessary and appropriate.

Respectfully Submitted on 24th of March, 20 26

TIONNA COLBERT, ADMINISTRATRIX
OF THE ESTATE OF TASHAUN COLBERT,
DECEASED

By: _____
URSULA K. MITCHELL
ATTORNEY FOR PLAINTIFF


URSULA K. MITCHELL (MSB NO. 101803)
ATTORNEY FOR TIONNA COLBERT ADMINISTRATRIX
OF THE ESTATE OF TASHAUN COLBERT, DECEASED
Mitchell Law Firm PLLC
198 Charmant Pl
Suite 2
Ridgeland, MS 39157
Office – 601-667-6680
Fax - 601-510-9108